**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**GREGORY ROBB**                                                                  **PLAINTIFF**

**V.**                                                           **NO. 4:15-CV-00162-DMB-JMV**

**JANTRAN, INC.**                                                                **DEFENDANT**


**ORDER REGARDING MOTION TO COMPEL
MAINTENANCE AND CURE PAYMENTS**

This Jones Act action is before the Court on Gregory Robb's motion to compel cure payments, Doc. #5, and his motion to expedite the hearing on his motion to compel, Doc. #11. For the reasons below, the motion to compel will be construed as a motion for partial summary judgment and decided only after it is fully briefed, and the motion to expedite will be granted in part.

**I
Procedural History**

On November 13, 2015, Gregory Robb filed a complaint against his employer, Jantran, Inc., claiming that Jantran had violated the Jones Act, had breached its warranty of seaworthiness, and was obligated to pay maintenance and cure. Doc. #1. The complaint alleges subject matter jurisdiction based on federal question and admiralty judgment.[1] *Id*. at ¶ 4. Jantran answered Robb's complaint on January 29, 2016. Doc. #7.

On December 22, 2015, before Jantran answered the complaint, Robb filed a motion to compel cure payments to allow for treatment from a doctor of his choice.[2] Doc. #5. On March

---

[1] Suits for "maintenance and cure are within admiralty judgment." *Boudreau v. S/V Shere Khan C*, 27 F.Supp.2d 72, 78 (D. Me. 1998) (citing *Zouras v. Menelaus Shipping Co.*, 336 F.2d 209, 211 (1st Cir. 1964)).

[2] In the motion, Robb asserts that, after he sustained a work-related injury on November 3, 2015, he was directed by Jantran to go to health care providers chosen by Jantran but that, based on the treatment he received, "it is evident

4, 2016, Robb moved for an expedited hearing on his motion to compel. Doc. #11. Jantran responded to Robb's motion to compel on March 28, 2016,[3] arguing that the motion is procedurally improper.[4] Doc. #19. On March 31, 2016, Robb replied. Doc. #21.

## II
## Procedure Governing Maintenance and Cure

In its memorandum opposing Robb's motion, Jantran argues that "[w]hen a claim for maintenance and cure has been asserted in a multi-count Complaint, a Plaintiff may move for Partial Summary Judgment on the maintenance and cure claim or move to sever and expedite trial on such claim." Doc. #18 at ¶ 2 (citing *Hale v. Omega Protein, Inc.*, No. 10-282, 2011 WL 2932145 (E.D. La. July 19, 2011), and *Rodriguez v. Larry Griffin Towing Co., Inc.*, No. 06-7442, 2007 WL 433482 (E.D. La. Feb. 6, 2007)). Jantran contends that Robb has not moved for either remedy and that "[f]ailure to request the proper relief should result in the dismissal of the Plaintiff's motion." *Id.* at ¶ 3. Alternatively, Jantran asks that "if the Court determines that the motion should be treated as one for summary judgment, [it be given] the opportunity to respond." *Id.* at ¶ 4.

In his reply, Robb argues that "it is certainly not unprecedented for injured seamen to file motions to compel with federal courts for Maintenance and Cure payments." Doc. #21 at ¶ 2 (citing *Ward v. Icicle Seafoods, Inc.*, No. C06-431, 2006 WL 2165755 (W.D. Wash. July 31,

---

that the health care providers did not have the patient's, that is, the Plaintiff's, best medical and health interests in mind, but rather had the interests of the employer, Jantran, in mind as a top priority," and that "Jantran … is putting its own legal interests far ahead of those of [his]." Doc. #5 at ¶¶ 6–9 , 29.

[3] Despite being titled "Defendant's Memorandum of Law in Support of its Response to Plaintiff's Motion to Compel Cure Payments and for Expedited Hearing," the memorandum does not address Robb's motion for an expedited hearing. Doc. #18.

[4] Jantran filed its response to Robb's motion to compel long after the deadline provided in this Court's procedural rules.

2006), and *In re RJF Intern. Corp. for Exoneration from or Limitation of Liab.*, 354 F.3d 104 (1st Cir. 2004)).

### A. Maintenance and Cure

A shipowner has an "ancient duty to provide maintenance and cure for the seaman who becomes ill or is injured while in the service of the ship" which "arises irrespective of the absence of shipowner negligence and indeed irrespective of whether the illness or injury is suffered in the course of the seaman's employment." *Vella v. Ford Motor Co.*, 421 U.S. 1, 3–4 (1975). "Maintenance and cure is designed to provide a seaman with food and lodging when he becomes sick or injured in the ship's service; and it extends during the period when he is incapacitated to do a seaman's work and continues until he reaches maximum medical recovery." *Vaughan v. Atkinson*, 369 U.S. 527, 531 (1962). Specifically, "[m]aintenance is a substitute for the seamen's free shipboard food and lodging" while "[c]ure is the equivalent of the medical attention the seaman would be entitled to receive while at sea." *Kirk v. Allegheny Towing Inc.*, 620 F. Supp. 458, 462 (W.D. Pa. 1985) (citing *Calmar S. S. Corp. v. Taylor*, 303 U.S. 525, 528 (1938)). In *Vaughan*, the United States Supreme Court held that seamen are wards of the court and ambiguities or doubts about a ship owner's liability for maintenance and cure "are resolved in favor of the seaman." 369 U.S. at 532.

### B. Jurisprudence Regarding Maintenance and Cure Procedure

Where, as here, a seaman has moved for maintenance and cure, courts throughout the country have struggled to reconcile *Vaughan*'s dictate with the procedural rules which govern United States Courts. Some district courts, primarily in the Ninth Circuit, have held "that the Supreme Court's instructions to construe claims for maintenance and cure liberally in favor of seamen counsel against applying the rigid standards of Rule 56 to a pretrial motion to compel

3

maintenance and cure." *Connors v. Iqueque U.S.L.L.C.*, No. C05-334, 2005 WL 2206922, at *2 (W.D. Wash. Aug. 25, 2005); *see Best v. Pasha Hawaii Transp. Lines, L.L.C.*, No. 06-00634 DAE–KSC, 2008 WL 1968334, at *1 (D. Hawaii May 6, 2008) (collecting cases); *In re Petition of RJF Intern. Corp.*, 261 F.Supp.2d 101, 106 (D.R.I. 2003) (citing *Vaughan* and granting motion to compel). Under this standard, a seaman will prevail on his motion to compel so long as he "has put forth evidence supporting each element of his maintenance and cure claim." *Connors*, 2005 WL 2206922, at *3.

A second line of cases, also concentrated in the Ninth Circuit, holds that, while general claims for maintenance and cure may be subject to Rule 56, "[a]n injured seaman seeking *reinstatement* of maintenance and cure payments which were terminated by his employer cannot be considered in the same procedural posture as a party seeking summary judgment." *Sefcik v. Ocean Pride Alaska, Inc.*, 844 F.Supp. 1372, 1373 (D. Alaska 1993) (emphasis added); *see Nuzum v. Dritsik Fisheries, Inc.*, No. A93-57CV, 1995 WL 455801, at *4–5 (D. Alaska 1995) (adopting *Sefcik*). Courts following this approach will grant a motion to compel, where, as here, a plaintiff seeks reinstatement of maintenance and cure payments, so long as "there is a disagreement" as to a genuine issue of material fact. *See Sefcik*, 844 F.Supp. at 1374.

Other courts, citing the general rule that "a pre-trial motion for determining the merits of a claim is treated as a motion for summary judgment," have treated a plaintiff's motion for maintenance and cure as a motion for summary judgment under Rule 56. *Padilla v. Maersk Line, Ltd.*, 603 F.Supp.2d 616, 621–22 (collecting cases); *see also Loftin v. Kirby Inland Marine, L.P.*, 568 F.Supp.2d 754, 759–60 (E.D. Tex. Tex. 2007) (collecting cases). Under this standard, "[t]he seaman bears the burden of proving his or her right to maintenance and cure [but] all ambiguities and doubts regarding a shipowner's liability for maintenance and cure are to be

resolved in favor of the seaman." *Padilla*, 603 F.Supp.2d at 624. Practically, this approach applies a Rule 56 standard to a seaman's motion to compel but employs a heavy presumption in favor of the seaman's claim. *See id.*; *see also Brown v. Parker Drilling Offshore Corp.*, 444 F.3d 457, 460 (5th Cir. 2006) (referring to "the almost-conclusive presumption that every injured seaman is entitled to maintenance and cure"). A similar line of cases has held that where a plaintiff seeks "interim relief through a motion to compel [maintenance and cure, t]he proper procedural device for such a request is a motion for preliminary injunctive relief under Federal Rule of Civil Procedure 65." *Collick v. Weeks Marine, Inc.*, No. 08-5120, 2009 WL 1058068, at *4 (D.N.J. Apr. 20, 2009) (citing *Tate v. Am. Tugs, Inc.*, 634 F.2d 869, 870–71 (5th Cir. 1981)).

Finally, a small number of courts have held that a motion for summary judgment represents the exclusive means for obtaining pre-trial maintenance and cure. *See Bloom v. Weeks Marine, Inc.*, 225 F.Supp.2d 1334, 1336 (M.D Fla. 2002) ("[I]f there is no dispute of material fact, then the claim may be disposed of by summary judgment. In addition, Plaintiff fails to cite any authority establishing that, at this stage of the proceedings, the merits of the maintenance and cure claim may be adjudicated based merely on a motion for maintenance and cure.") (citing *Claudio v. Sinclair Refining Co.*, 126 F.Supp. 154, 154 (E.D.N.Y. 1954); *see also Sanfilippo v. Rosa S. Inc.*, No. CIV. A. 85-3915-MC, 1985 WL 4565, at *2 (D. Mass. Dec. 9, 1985) ("If the plaintiff believes that there is no dispute over the material facts with respect to the maintenance and cure claim, he may move for summary judgment …."). These courts have denied motions to compel where such motions did not invoke Rule 56. *See id*.

### C. Proper Procedural Rules

"Effective July 1, 1966, new integrated rules were promulgated making admiralty subject to the Federal Rules of Civil Procedure, except when specifically declared inapplicable or

5

otherwise provided for in the Supplemental Rules for Certain Admiralty and Maritime Claims." *Sanderlin v. Old Dominion Stevedoring Corp.*, 281 F.Supp. 1015, 1016 (E.D. Va. 1968). "[I]n view of the 1966 integration of admiralty and civil rules, procedure in admiralty ... cases should be the same as in cases in law and equity unless a strong policy or statute prevents this uniformity of treatment." 14A Fed. Prac. & Proc. Juris. § 3671.4 (4th ed.) (quoting *United States v. Article Consisting of 216 Cartooned Bottles, More or Less, Sudden Change*, 288 F. F.Supp. 29 (E.D.N.Y. 1968)); *see Louisiana ex rel. Dep't of Transp. and Dev. v. Kition Shipping Co., Ltd.*, 653 F.Supp.2d 633, 637 (M.D La. 2009) ("The Federal rules of Civil Procedure are applicable to admiralty actions except to the extent they are inconsistent with the supplemental admiralty rules.") (internal quotation marks and alterations omitted). Put differently, there has been a "trend ... towards uniformity of procedure" between civil and admiralty actions. *Id*.

Given the stated goal of establishing uniformity between civil and admiralty rules, the Court deems it prudent to follow the *Padilla*/*Collick* line of cases and hold that a motion for maintenance and cure should be analyzed under the most analogous Federal Rule of Civil Procedure. Robb has not cited, and this Court has been unable to find, a strong policy or statute which would prevent such treatment. Accordingly, a motion to compel maintenance and cure which seeks dispositive relief should be treated as a motion for summary judgment, *see Padilla*, 603 F.Supp.2d at 624; while a maintenance and cure motion which seeks interim relief should be treated as a motion for injunctive relief, *Collick*, 2009 WL 1058068, at *4. *See generally Registration Control Sys., Inc. v. Compusystems, Inc.*, 922 F.2d 805, 808 (Fed. Cir. 1990) ("[I]t is a motion's substance, and not merely its linguistic form, that determines its nature and legal effect.") (quoting 2A Moore's Federal Practice ¶ 7.05, at 7–17 (1990)) (internal quotation marks omitted).

In his motion to compel, Robb does not seek interim relief. Rather, citing to his right to maintenance and cure, he seeks, among other things, a "Court order [that] Jantran ... pay for the medical treatment of Gregory Robb from Dr. Adam I. Lewis and other health care providers Lewis may reasonably refer Robb to for treatment." Doc. #5 at 8. Insofar as such an order necessarily requires a finding of maintenance and cure liability, the Court interprets the motion as one for partial summary judgment. *See Padilla*, 603 F.Supp.2d at 624. Accordingly, Jantran's argument that the motion to compel should be denied as procedurally improper is without merit. However, given the uncertainty in the case law regarding motions to compel, as well as the dispositive nature of Robb's requested relief, the Court will grant Jantran seven days to respond to Robb's motion. Should Jantran respond, Robb will have seven days to reply.

### III
### Motion to Expedite

In his motion to expedite, Robb represents that he "cannot afford the out of pocket expenses for him to receive the much needed medical treatment that he requires for the injuries that he sustained and that are the subject of this lawsuit." Doc. #11 at ¶ 8. Accordingly, Robb moves "this Court to issue its order granting Plaintiff's Motion to Compel Cure Payments ... or set a hearing on Plaintiff's Motion at the Court's earliest date." *Id*. at 2–3.

The Court acknowledges Robb's situation and will endeavor to issue an order on the motion to compel cure on the earliest practicable date after it is fully briefed. However, the Court concludes that a hearing on this matter is unnecessary, and that granting the motion to compel would be premature at this juncture.

### IV
### Conclusion

For the reasons stated above:

7

1.      Robb's motion to compel maintenance and cure payments [5] will be construed as a motion for partial summary judgment and a ruling on it is **DEFERRED** until it is fully briefed; and

2.      Robb's motion to expedite a hearing [11] is **GRANTED in Part and DENIED in Part**. The motion to expedite is granted to the extent it seeks an expeditious decision on the motion to compel but is denied in all other respects.

**SO ORDERED**, this 6th day of May, 2016.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**